IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,654-01 AND WR-78,654-02






EX PARTE JOE WILLIE HAYDEN, JR., Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W11-52234-K AND W11-53264-K 


IN THE CRIMINAL DISTRICT COURT #4

FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty
to two charges of theft, and was sentenced to two years' state jail imprisonment. He did not appeal
his convictions. 

 Applicant contends that his pleas were involuntary because he was so emotionally distraught
as a result of his mother's recent death that he was incapable of understanding the nature and
consequences of his pleas. Applicant also alleges that his trial counsel was fully aware of these facts,
but persuaded Applicant to enter open pleas of guilty to the trial court nonetheless. Although the
habeas records contain copies of plea documents signed and acknowledged by Applicant, there is
insufficient information in the records to address Applicant's claims that he did not understand what
he was doing, but pleaded guilty on the advice of counsel.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically,
counsel shall state whether she was aware that Applicant's mother had died recently, and whether
she received any indication that Applicant was not competent or did not understand the proceedings. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. The trial court shall make findings of fact as to whether
Applicant was orally admonished as to the consequences of entering an open plea, and as to whether
he appeared to understand the proceedings. The trial court shall make findings as to whether
Applicant was advised that he could appeal his sentences in these cases, and if so, whether he
indicated a desire to do so. The trial court shall make findings of fact as to whether trial counsel's
performance was deficient, and as to whether counsel's performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 9, 2013

Do not publish